UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
UNITED STATES OF AMERICA                    JUDGMENT INCLUDING SENTENCE
            -v-                             UNDER THE SENTENCING REFORM ACT

DARIEL WORRELL                              CASE NUMBER: CR-05-103 (ARR)
----------------------------------------x   JUSTIN A. HARRIS, ESQ
                                            16 COURT STREET, 3rd FL.
                                            BROOKLYN, NEW YORK 11241
                                            Defendant's Attorney & Address

THE DEFENDANT:
XXX   pleaded guilty to count one of the indictment.
___   was found guilty on counts                    after a plea of not guilty.
      Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the
following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
| --- | --- | --- |
| 8 USC 1326(a) & 1326(b)(2) | ILLEGAL RE-ENTRY OF A DEPORTED ALIEN. | ONE (1) |

The defendant is sentenced as provided in pages 2 through    of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___   The defendant has been found not guilty on count(s)        and is discharged as
      to such count(s).
___   Remaining counts are dismissed on the motion of the United States.
XXX   It is ordered that the defendant shall pay to the United States a special
      assessment of $100.00 which shall be due XXX immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this
district within 30 days of any change of residence or mailing address until all fines,
restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #:_____       _____APRIL 17, 2006_____
                                              Date of Imposition of Sentence
Defendant's Date of Birth 3/14/70

Defendant's Mailing Address:                  _____
                                              ALLYNE R. ROSS, U.S.D.J.
SAN JUDAS TADEO # 18                          _____APRIL 17, 2006_____
                                                         Date
COLON, REPUBLIC OF PANAMA
                                              A TRUE COPY ATTEST
Defendant's Residence Address:                Date:_____
                                              ROBERT C. HEINEMANN
       ( SAME AS ABOVE )                         CLERK OF COURT

_____              By:_____

                                                    DEPUTY CLERK

Defendant: DARIEL WORRELL  Judgment - Page   of
Case Number: CR-05-103(ARR)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of thirty four (34) months. Deft's sentencing is to run concurrently with sentencing of three months imposed on the deft's violation case CR-05-423.

**XXX**  The Court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFT BE HOUSED AT THE FACILITY AT FORT DIX.

___  The defendant is remanded to the custody of the United States Marshal.
___  The defendant shall surrender to the United States Marshal for this district,
  ___  at _____a.m./p.m. on _____.
  ___  as notified by the Marshal.

___  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons
  ___  before 12:00 noon on _____.
  ___  as notified by the United States Marshal.
  ___  as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

United States Marshal

By_____

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) IF EXCLUDED; DEFT SHALL NOT RE-ENTER THE UNITED STATES ILLEGALLY.
2) DEFT SHALL NOT POSSESS ANY FIREARMS.

___ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Defendant: DARIEL WORRELL
Case Number: CR-05-103(ARR)

Judgment - Page of

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: DARIEL WORRELL
Case Number: CR-05-103(ARR)

Judgment - Page      of

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 100.00     , consisting of a fine of $   N/A       and a special assessment of $ 100.00          .

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

           This sum shall be paid ___ immediately
                                  ___ as follows:

**XXX** The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

           ___ The interest requirement is waived.
           ___ The interest requirement is modified as follows:

1        (BEGINNING OF EXCERPT.)

2        THE COURT: Well, addressing the sentencing factors
3   set forth in 3553(a), I first consider the guidelines; there's
4   no dispute concerning the accuracy of the guidelines
5   calculation in the presentence report.  Defendant is at an
6   adjusted offense level of 21, Criminal History Category 3
7   calling for an advisory guideline range of 46 to 57 months.

8        As regards the remainder of the sentencing factors
9   in Section 3553(a), I turn first to nature and circumstances
10  of the offense.  As urged by defense counsel and corroborated
11  by the presentence report and various letter submissions on
12  behalf of the defendant, while defendant's immigration
13  violation is a serious matter, the motivation for that
14  violation was significantly more benign.  Defendant's return
15  to the United States was not motivated by pecuniary gain or
16  any desire for an opportunity to engage in further criminal
17  conduct.  Rather, apparently desperately missing his children
18  from whom he had been separated for four years, he returned to
19  visit them for the Christmas holiday.  In fact, his original
20  plan was apparently not to return but to send a ticket
21  permitting his youngest, four-year old son to visit him in
22  Panama but defendant's ex-wife would not permit this as in her
23  view the child was too young and defendant could not afford
24  tickets for all of his children, hence, he reentered illegally
25  to be reunited with his children not permanently but rather

for a short visit.

As defendant's friend, Jaime Bucher (ph) writes, he had told the defendant the defendant's 12-year old daughter had sustained a serious injury and that this incident also prompted him to come even if only for the Christmas holiday.

I'm in agreement with defense counsel that the limited nature of defendant's intended visit and the circumstances and motivations prompting his commission of the instant offense constitute mitigating factors in assessing an appropriate sentence.

Turning to the history and characteristics of the defendant, defendant has a lengthy and steady employment history and was devoted to caring for his family. While living in the United States he assisted his wife financially in purchasing a home and completing her education. Since returning to Panama he's maintained full employment and sent $250 monthly to assist in support of the children.

I also note the information brought to my attention today that the defendant's mother is apparently extremely ill and there are not many people in Panama at this point in time to help her out.

So, I do view his personal characteristics, his hard working employment history, his devotion to the support of his family and his care for his mother are also mitigating factors.

1        Defendant's third ground for requesting a non-
2 guideline sentence below the advisory guideline range is that
3 under the Sentencing Reform Act, specifically subdivision 6 of
4 18 United States Code Section 3553(a), a sentence more lenient
5 than that called for by the advisory guidelines is necessary
6 to avoid creating an unwarranted disparity with the sentences
7 received by illegal reentry defendants arrested and charged in
8 so-called Fast Track districts.
9        I am in agreement with counsel that in an
10 appropriate case the existence of Fast Track disparity
11 warrants consideration under the sentencing statute.  In this
12 case, however, the sentence I view as otherwise appropriate
13 under the sentencing statute arrived at by consideration of
14 the factors already noted in the context of the goals of
15 sentencing enumerated in the statute, that is custody of the
16 Attorney General for a period of 34 months, falls well within
17 the sentence that would be meted out in the Fast Track
18 districts.  In six such districts defendants would be
19 sentenced to 30 to 37 months imprisonment, in four such
20 districts to 37 to 46 months, and in two districts 41 to
21 51 months.  Accordingly, there is in this case no reason to
22 rely on this factor in assessing sentence.
23       Therefore, upon consideration of all of the factors
24 set forth in Section 3553(a), I find a sentence of 34 months
25 imprisonment sufficient but no more severe than necessary to

1  accomplish the goals of sentencing.

2  I will, therefore, sentence Mr. Worrell to the
3  custody of the Attorney General -- this is now on the
4  indictment -- to a period of 34 months to be followed by a
5  three-year period of supervised release with special
6  conditions requiring that obviously if deported, he not
7  illegally reenter the United States.

8  And let me say, Mr. Worrell, were this to happen
9  again, no one would find it in their heart to give you any
10 more leniency.

11 THE DEFENDANT: Okay.

12 THE COURT: I also prohibit possession of a firearm.
13 I make a finding that he's unable to pay a fine but I will
14 impose the mandatory $100 special assessment.

15 On the violation I will impose three months custody
16 but with the consent of the parties I will make that run
17 consecutively -- no, sorry, concurrently with the 34 months.

18 There are no open counts, right?

19 MR. ELLIOT: Just Count One of the supervised
20 release violation but not in the indictment.

21 THE COURT: Okay, then I will dismiss that.

22 Mr. Worrell, there are circumstances in which a
23 defendant may appeal the sentence, I don't know that it is
24 going to apply in your case but you discuss that with Ms.
25 Harris. If you choose to appeal, a notice of appeal has to be

1  filed within ten days and a lawyer would represent you.
2      MS. HARRIS: Your Honor, if I could just ask,
3  Mr. Worrell's family is located in this area and in New
4  Jersey, if Your Honor could make a recommendation that he
5  serve his time at Fort Dix.
6      THE COURT: Yes.
7      MS. HARRIS: Thank you, Judge.
8      (End of proceedings.)